UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23967-RAR

**DANIEL DUMOND**,

    Plaintiff,

v.

**OFFICER L. RODRIGUEZ**,

    Defendant.

_____/

## ORDER DIRECTING THE MARSHAL TO SERVE DEFENDANT AND REFERRING CASE TO THE "VOLUNTEER ATTORNEY PROGRAM"

**THIS CAUSE** comes before the Court on Plaintiff's January 23, 2023 Notice ("Notice"). [ECF Nos. 10, 10-1]. In the Court's previous orders, the Court advised Plaintiff that he was required to either file a notice indicating his intent to proceed with his claim against Officer L. Rodriguez or, in the alternative, file an amended complaint. *See* Order Dismissing Complaint [ECF No. 4] at 11; Order to Amend [ECF No. 8] at 4–5. In his Notice, Plaintiff has informed the Court that he "wishes to proceed against Officer Rodriguez and the officers of the Miami Dade Police Department who use[d] excessive force against the plaintiff during his arrest on 9/21/2020." Notice at 1. The Court will, of course, now direct the U.S. Marshals Service to serve Officer Rodriguez, but will first address two other issues raised in Plaintiff's Notice.

First, as the Court has already explained to Plaintiff, his suit cannot proceed against "the officers of the Miami Dade Police Department who use[d] excessive force" yet. The Federal Rules of Civil Procedure do not allow Plaintiff to bring "a claim against a group of unknown or unidentifiable police officers." Order Dismissing Complaint [ECF No. 4] at 5 (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)). Fortunately, Plaintiff already possesses some

important information about the officers' identities (*e.g.*, the date they worked) so the Court has no doubt that Plaintiff will eventually be able to learn the police officer's identities during the natural course of litigation.  Once he does, Plaintiff will be permitted to file an amended complaint that brings claims against both Officer Rodriguez and the as-of-yet unnamed police officers.  *See* FED. R. CIV. P. 15(a).

Second, in a letter addressed to the Court, which was attached to the Notice, Plaintiff claims that he is "indigent" and that he is requesting "legal aid."  Letter to Court [ECF No. 10-1] at 2.  The Court will liberally construe this as a motion to appoint counsel in this civil rights case.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]") (cleaned up).  The Court will grant this request in part.  Unfortunately for Plaintiff, there is no "constitutional right to counsel" in a § 1983 case, and courts "should appoint counsel [only] in exceptional circumstances."  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  The Eleventh Circuit has held that a § 1983 complaint that raises excessive force claims is "not so unusual" as to require the district court to appoint counsel for a *pro se* plaintiff.  *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014).  However, since Plaintiff would greatly benefit from legal representation, the Court will refer this case to the "Volunteer Attorney Program," where a volunteer attorney may choose to represent Plaintiff on a *pro bono* basis.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The United States Marshal shall serve a copy of Plaintiff's Complaint [ECF No. 1], the Screening Order [ECF No. 4], this Order, and the appropriate summons on the following Defendant:

> Officer L. Rodriguez
> # ID9831   D3507
> Miami-Dade Police Department
> 9105 NW 25th Street
> Doral, FL 33172

In the event that personal service cannot be effected upon an individual defendant, the Marshal may substitute service, if necessary, in accordance with applicable federal and/or state law. When doing so, the Marshal shall make clear and specific notations on the "Process Receipt and Return," by recording the accepting officer's full name, title, and badge number, in addition to the Marshal's remarks explaining the reason that the named individual could not be personally served. *See* FED. R. CIV. P. 4(c)(3).

2. The case shall be **REFERRED** to the Court's Volunteer Attorney Program. The Clerk of the Court is **DIRECTED** to post the following description of this case:

> The Plaintiff, Daniel Dumond, has filed a civil rights complaint under 42 U.S.C. § 1983 against an officer employed by the Miami-Dade Police Department for his deliberate indifference to Plaintiff's safety and medical needs. Plaintiff alleges that the officer intentionally and maliciously drove his squad car in a reckless manner, knowing that Plaintiff was unrestrained and injured in the back seat, with the intention of harming Plaintiff  The Plaintiff may also bring claims in the future against other law enforcement officers for their alleged use of excessive force during Plaintiff's arrest, but the identity of these officers is still unknown.

**DONE AND ORDERED** in Miami, Florida, this 26th day of January, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Daniel Dumond, *pro se*
      200145372
      Miami-Dade County – Metro West
      Inmate Mail/Parcels
      13850 NW 41st Street
      Miami, FL 33178