UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-23967-RUIZ**

DANIEL DUMOND,

      Plaintiff,

v.

OFFICER L. RODRIGUEZ, *et al.*,

      Defendants.

_____/

## DEFENDANT L. RODRIGUEZ'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant Officer L. Rodriguez ("Off. Rodriguez"), by and through undersigned counsel, hereby moves to dismiss Plaintiff Daniel Dumond's ("Plaintiff's") Amended Complaint [ECF No. 13].

## INTRODUCTION

First, this action must be dismissed pursuant to the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g) ("PLRA"), "three-strikes" rule.  Plaintiff is a *pro se* inmate proceeding *in forma pauperis*.  Plaintiff previously filed three other civil actions *in forma pauperis*, and all three were dismissed for failing to state claims upon which relief may be granted.  Accordingly, each of the dismissals qualify as a "strike," and because Plaintiff's Amended Complaint does not allege that he "is under imminent danger of serious physical injury" under Section 1915(g) of the PLRA, this Court must dismiss the action.  Second, in the alternative, this Court should dismiss the Amended Complaint because it fails to conform to the pleading standards in Federal Rules of Civil Procedure 8(a)(2) and 10(b).  Finally, the Court should dismiss Miami-Dade Police Department

("MDPD") from Plaintiff's Amended Complaint due to his failure to follow this Court's previous orders and instructions regarding bringing a claim against MDPD.

## PROCEDURAL AND FACTUAL BACKGROUND

### I.    Pre-Suit Procedural History

Before he filed this action, Plaintiff was a prolific *pro se* filer.  He filed **eight** federal lawsuits in this district alone, and, in each one, Plaintiff has sought leave—sometimes repeatedly—to proceed *in forma pauperis* without prepaying the filing fee.  In at least three of those cases, Plaintiff's lawsuits were dismissed for failure to state a claim.  *See* Order Dismissing Complaint, *Dumond v. Miami-Dade Dep't of Corrs. and Rehab., et al.*, No. 21-cv-22917-RLR (S.D. Fla. Aug. 20, 2021) (Rosenberg, J.), ECF No. 4 (dismissing a 42 U.S.C. Section 1983 claim against Miami-Dade County Department of Corrections and Rehabilitation and Metro West detention and Rehabilitation for failure to state a claim); Order Dismissing Complaint, *Dumond v. Miami-Dade Police Dep't, et al.*, No. 21-cv-22918-DMM (S.D. Fla. Sept. 16, 2021) (Middlebrooks, J.), ECF No. 8 (dismissing a Section 1983 claim against a K-9, MDPD officer, several divisions of MDPD, and unidentified officers for failure to state a claim); Order Dismissing Amended Complaint, *Dumond v. Carrington, et al.*, No. 22-cv-20339-RKA (S.D. Fla. Apr. 4, 2022) (Altman, J.), ECF No. 7 (dismissing a landlord dispute couched as a Section 1983 claim for lack of subject matter jurisdiction and failure to state a claim).[1]

### II.    Procedural History of This Case

---

[1] Plaintiff also appealed two of these dismissal orders to the United States Court of Appeals for the Eleventh Circuit.  The appellate court dismissed the appeals for want of prosecution because Plaintiff failed to timely pay the filing and docketing fees (or file a motion in the district court for relief from the obligation to pay in advance the full fee).  Order of Dismissal from USCA, *Dumond v. Miami-Dade Dep't of Corrs. and Rehab., et al.*, No. 21-cv-22917-RLR (S.D. Fla. Dec. 3, 2021), ECF No. 11; *Order of Dismissal from USCA, Dumond v. Miami-Dade Police Dep't, et al.*, No. 21-cv-22918-DMM, ECF No. 14 (S.D. Fla. Dec. 3, 2021).

On December 6, 2022, Plaintiff filed this Section 1983 action from prison.  [ECF No. 1 at 1-2].[2]  That same day, he filed an affidavit claiming to be indigent and sought leave to proceed *in forma pauperis*, [ECF No. 3], which this Court granted.  [ECF No. 4 at 12].  The Court screened Plaintiff's Complaint pursuant to Section 1915A of the PLRA and identified numerous deficiencies, dismissing all claims against all defendants except for his claim against Off. Rodriguez.  [ECF No. 4 at 12].  Specifically, this Court dismissed Plaintiff's claims against two divisions of MDPD, Plaintiff's two-part claim against another officer accused of directing a racial slur at Plaintiff and fabricating a lie against him, and Plaintiff's claim against Miami-Dade Department of Corrections and Rehabilitation for failing to state claims upon which relief may be granted.  [ECF No. 4 at 4-5, 7, and 10-11].  The Court made clear that these dismissals were ***with prejudice***.  [ECF No. 4 at 5, 9, and 11].  This Court further ordered Plaintiff to either file a notice expressing Plaintiff's intent to proceed solely against Off. Rodriguez or file an amended complaint naming additional officers who he claims used excessive force against him.  [ECF No. 4 at 12].  The Court's order also required any amended complaint to "contain a separate paragraph as to each Defendant explaining what that particular Defendant did and the supporting facts to show why that person is being sued," reminded Plaintiff that an amended complaint should cure the deficiencies identified by the Court to state a claim for relief, and warned Plaintiff that failing to file the amended complaint on time and in compliance with the Court's orders would result in dismissal under Federal Rule of Civil Procedure 41(b).  [ECF No. 4 at 12].

---

[2] As this Court noted, Plaintiff previously filed "a nearly identical § 1983 complaint in this Court which was ultimately dismissed by Judge Roy K. Altman 'for failure to prosecute and for failure to comply with court orders.' "  [ECF No. 4 at 1 (quoting Order Dismissing Complaint, *Dumond v. Rodriguez*, No. 22-cv-20561 (S.D. Fla. Aug. 9, 2022) (Altman, J.), ECF No. 22)].

Plaintiff failed to file anything by the Court's January 9, 2023.  Instead, on January 17, 2023, Plaintiff filed a "Modification of Statement of Claim Part D," [ECF No. 5], attempting to improperly amend his complaint in violation of Local Rule 88.2(a) of the Southern District of Florida as well as Rules 8 and 10 of the Federal Rules of Civil Procedure.  [ECF No. 8 at 2-3].  The Court struck the filing from the docket.  [ECF No. 8 at 3].  Plaintiff also filed a "Response to Order Dismissing Complaint in Part and Granting Leave to Amend," [ECF No. 6], and "Plaintiff's Request for Production of Documents"  [ECF No. 7].  This Court denied Plaintiff's request for documents as premature but "reconstrue[d]" Plaintiff's response as a motion for extension of time and extended the deadline for Plaintiff to either file an amended complaint or a notice that he would like to proceed against Officer Rodriguez by February 17, 2023.  [ECF No. 8 at 3-5].

On January 23, Plaintiff filed a letter stating that he wished to proceed "against Officer Rodriguez and the officers of Miami Dade Police Department."  [ECF No. 10 at 1].  Accordingly, this Court directed the Marshal to serve Officer Rodriguez but again explained that his lawsuit could not proceed against unidentified officers of MDPD.  [ECF No. 11 at 1-2].  The Court permitted Plaintiff to file an amended complaint once he learns the other officers' identities.  [ECF No. 11 at 2].

### III.    Amended Complaint

On January 27, 2023, Plaintiff filed the Amended Complaint against Officer Rodriguez *and* MDPD for events stemming from his arrest on September 21, 2020.  [ECF No. 13].  In a single paragraph, Plaintiff's Amended Complaint combines claims against MDPD and Off. Rodriguez, alleging that: (1) MDPD "illegally used excessive force when [P]laintiff was beaten while on his stomach being kicked, punched[,] and his left arm was being twisted awkwardly" and "bit[t]en by k-9 in which the [P]laintiff suffered punctured wound which required stitches which Officer L.

4

Rodriguez was assigned to transport[] the [P]laintiff to [P]almetto [H]ospital;" and (2) Off. Rodriguez threw Plaintiff in the back of his car "while the [P]laintiff was still in handcuff[s]," "did not secure [Plaintiff] with [a] seatbelt [and] disregarded the fact that [P]laintiff was already injured from the illegal[ly] used excessive force and k-9 bites," "intentionally beg[a]n to drive like a mad man going over 90 mph and zig zagging through traffic and ignoring [Plaintiff's] agonizing plea . . . being in pain and crying for help," knew Plaintiff "was not wearing [a] seatbelt," "acted with deliberate indifference to the [P]laintiff's safety by driving . . . recklessly," "failed to adequately provide[] the [P]laintiff with a seatbelt," drove the car "recklessly[,] maliciously[,] and sadistically," "abruptly stopped the car knowing the [P]laintiff was hand cuffed," "knew that there was a substantial risk that the [P]laintiff would . . . suffer[] more injuries." [ECF No. 13 at 5-6]. Plaintiff seeks damages for his alleged injuries. [ECF No. 13 at 7].

On February 9, 2023, Plaintiff filed a supplement to his Amended Complaint. [ECF No. 18]. That same day, Plaintiff filed a Request for Production of Documents and Videos, [ECF No. 19], and filed another such request on February 15, 2023. [ECF No. 21].

## MEMORANDUM OF LAW

### I.  This Action Must be Dismissed Under the PLRA's "Three-Strikes" Rule.

Prisoners, such as Plaintiff here, are subject to the Prisoner Litigation Reform Act. One of the provisions of the PLRA is known as the "three-strikes rule," which is set forth in Section 1915(g) and requires courts to dismiss actions under enumerated circumstances. The rule exists because " 'Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.' " *Wells v. Brown*, No. 21-10550, 2023 WL 1431426 at *5 (11th Cir. Feb. 1, 2023) (quoting *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015)). As a result of courts

being flooded with mostly nonmeritorious and frivolous complaints, Congress passed the PLRA and established the three-strikes rule to " 'generally prevent[] a prisoner from bringing suit in forma pauperis . . . —that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.' " *Wells*, WL 1431426 at *5 (quoting *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020)).

> The statutory mandate provides as follows:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see* 28 U.S.C. § 1915(h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *see also Maldonado v. Baker Cnty. Sheriff's Office*, 23 F.4th 1299, 1305 (11th Cir. 2022) (explaining that "the plain meaning of § 1915(g) is clear—it applies only to actions commenced by a prisoner in federal court who seeks and is granted *in forma pauperis* status in that court"). The only exception to this statutory mandate is where the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Mitchell v. Nobles*, 873 F.3d 869, 872 (11th Cir. 2017) (explaining that the imminent-danger provision is "the sole exception to the three strikes bar"). The Eleventh Circuit has explained that the purpose of the PLRA's three-strikes rule "is to curtail abusive prisoner litigation. . . . 'After the third meritless suit, the prisoner must pay the full filing fee *at the time he initiates suit*.' " *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)) (emphasis added).

In assessing whether a prior order dismissing an action constitutes a strike, a court must look to the reasons supplied in the prior order and determine if those reasons fall under one of Section 1915(g)'s enumerated grounds. *See Daker v. Comm'r, Georgia Dep't of Corrs., et al.*, 820 F.3d 1278, 1284 (11th Cir. 2016) (explaining that "[b]y using the phrase 'was dismissed' in the past tense and the phrase 'on the grounds that,' [Section 1915(g)] instructs us to consult the *prior* order that dismissed the action or appeal and to identify the *reasons* that the court gave for dismissing it.") (quoting 28 U.S.C. § 1915(g)). Accordingly, it is irrelevant whether a defendant moved for dismissal of the action for purposes of Section 1915(g), and the Eleventh Circuit has held that preliminary screening orders of dismissal under Section 1915(e)(2) may qualify as strikes. *See Wells*, 2023 WL 1431426 at *2, 9 (ruling that a *pro se* detainee clearly received a strike under the PLRA where a detainee filed a prisoner civil rights complaint in federal court, sought leave to proceed *in forma pauperis*, and the district court conducted a preliminary screening of the complaint pursuant to Section 1915(e)(2), dismissing the complaint sua sponte for failing to state a legally cognizable claim and failing to allege a violation of the detainee's constitutional rights); *White v. Lemma*, 947 F.3d 1373, 1376-77 (11th Cir. 2020) ("A dismissal for failure to state a claim under the early screening provision [of 28 U.S.C. § 1915A] is no different from a dismissal under [Federal Rule of Civil Procedure 12(b)(6)]. It is on the merits with prejudice."), *receded from on other grounds by Wells*, WL 1431426 at *8.

The order dismissing an action also does not need to contain "magic words," but "[t]here must be some signal that the action was dismissed" under one of Section 1915(g)'s enumerated grounds. *Wells*, 2023 WL 1431426 at *9. For example, a dismissal that was based on Rule 12(b)(6), that the allegations did not plausibly state a claim, that the complaint failed to give a short and plain statement showing that the plaintiff is entitled to relief, or that the complaint fell short under the

pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), all constitute a strike under Section 1915(g).  *Wells*, 2023 WL 1431426 at *9.  Finally, for purposes of determining strikes, it is irrelevant whether an action is dismissed with or without prejudice.  *See Lomax*, 140 S. Ct. At 1724-25 ("A strike-call under Section 1915(g) thus hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect").

Applying Section 1915(g)'s plain language here, Plaintiff has incurred at least three strikes under the PLRA prior to commencing this action on December 6, 2022.  *See Danglar v. Dep't of Corrs.*, 50 F.4th 54, 59 (11th Cir. 2022) ("In assessing whether the provisions of the PLRA apply to a plaintiff, this Court looks to the prisoner's 'status *at the time he filed his complaint*.' ") (quoting *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002)).  While incarcerated, Plaintiff filed three Section 1983 actions in this district, the district courts screened each of those complaints, and each district judge expressly dismissed the case before him/her for failing to state a claim.  Order Dismissing Complaint, *Dumond v. Miami-Dade Dep't of Corrs. and Rehab., et al.*, No. 21-cv-22917-RLR (S.D. Fla. Aug. 20, 2021) (Rosenberg, J.), ECF No. 4 at 3-4 ("Plaintiff fails to state a claim upon which relief may be granted, and the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)."); Order Dismissing Complaint, *Dumond v. Miami-Dade Police Dep't, et al.*, No. 21-cv-22918-DMM, (S.D. Fla. Sept. 16, 2021) (Middlebrooks, J.), ECF No. 8 at 1 ("For the reasons discussed below, the Complaint is [dismissed] for failure to state a claim upon which relief can be granted."); Order Dismissing Amended Complaint, *Dumond v. Carrington, et al.*, No. 22-cv-20339-RKA (S.D. Fla. Apr. 4, 2022) (Altman, J.), ECF No. 7 at 8 ("Accordingly, the Court hereby [orders and adjudges] that this case is [dismissed] without prejudice for lack of subject-matter jurisdiction and for failing to state a claim on which relief can be granted.").  Therefore,

Plaintiff cannot dispute that he has accrued three qualifying strikes under the PLRA. Because Plaintiff failed to pay the filing fee in full at the time he initiated this action, and because his Amended Complaint does not allege that he is under imminent danger of serious physical injury, the PLRA bars him from proceeding here. This Court must therefore dismiss the action.

## II. Alternatively, the Amended Complaint Should be Dismissed for Failing to Comply with Rules 8(a)(2) and 10(b).

In the unlikely event that the Court declines to dismiss the case pursuant to the three-strikes rule, dismissal is still appropriate because the Amended Complaint fails to give Off. Rodriguez adequate notice of the claim or claims against him and adequate notice of the grounds upon which they rest. Under Rule 8(a)(2), "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Relatedly, Rule 10(b) governs the form of pleadings. That rule states, in part, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Although the Eleventh Circuit "give[s] liberal construction to the pleadings of *pro se* litigants," it "'nevertheless . . . require[s] them to conform to procedural rules.' " *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). This is because they "waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate

court dockets,' and 'undermine[] the public's respect for the courts.' " *Id.* (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008)). The Eleventh Circuit has outlined several kinds of shotgun pleadings.  The categories this case falls in typifies pleadings that "commit[] the sin of not separating into a different count each cause of action or claim for relief" and "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322-23 (footnote omitted).  The "unifying characteristic" of all shotgun pleadings "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id* at 1323.

Here, Plaintiff's Amended Complaint fails to separate and distinguish claims against Off. Rodriguez and MDPD.  Rather, Plaintiff's Amended Complaint combines his claims against them into a single, narrative paragraph labeled "Statement of Claim." [ECF No. 13 at 5-6]. *See Briseus v. JPMorgan Chase Bank, N.A.*, 2018 WL 3586140, at *2 (S.D. Fla. July 26, 2018) (Bloom, J.) ("[T]he Amended Complaint is in narrative format and lacks numbered paragraphs, making it difficult to frame a response and to otherwise have adequate notice of the claims.").  Notably, Plaintiff's Amended Complaint also fails to comply with this Court's prior order instructing Plaintiff's amended complaint to "contain a separate paragraph as to each Defendant explaining what that particular Defendant did and the supporting facts to show why that person is being sued." [ECF No. 4 at 12].

Further compounding the shotgun pleading problem is Plaintiff's run-on style, which makes it difficult to discern from the face of the Amended Complaint which facts are connected to a particular cause of action and whether Plaintiff is asserting another claim against Off.

Rodriguez beyond deliberate indifference.  For example, the Amended Complaint alleges, "During this negligence of excessive use of force the [P]laintiff was bit[t]en by k-9 in which the [P]laintiff suffered punctured wound which required stitches which Officer L. Rodriguez was assigned to transport[] the [P]laintiff to [P]almetto [H]ospital [P]laintiff was thrown in the back of Officer L. Rodriguez car by Officer L. Rodriguez while the [P]laintiff was still in handcuff[s]."  [ECF No. 13 at 5].  Later on, the Amended Complaint alleges that after Off. Rodriguez ignored Plaintiff's plea for help and that he was injured, Off. Rodriguez "continued to drive recklessly[,] maliciously and sadistically."  [ECF No. 13 at 6].  The inclusion of "maliciously and sadistically" in the midst of facts related to the deliberate indifference claim make it unclear as to whether the Amended Complaint is alleging another cause of action against Off. Rodriguez.  *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (explaining that the " 'core judicial inquiry' " for stating an excessive force claim is " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm' ") (quoting *Hudson v McMillian*, 503 U.S. 1, 7 (1992)).  The Amended Complaint's lack of clarity and precision due to its shotgun nature deprives Off. Rodriguez of adequate notice of the claim(s) against him and hinders his ability to frame a responsive pleading.  Accordingly, the Court should dismiss the Amended Complaint.

### III. MDPD Should be Dismissed From This Action.

This Court should dismiss MDPD from this action because Plaintiff has repeatedly ignored this Court's orders and instructions regarding bringing a claim against MDPD.  Specifically, this Court's December 16, 2023, order dismissed Plaintiff's official capacity claim against MDPD *with prejudice*, [ECF No. 4 at 5],[3] but permitted Plaintiff to file an amended complaint against

---

[3] As this Court recognized, Judge Altman had dismissed Plaintiff's same official capacity claim against MDPD in a prior Section 1983 action.  [ECF No. 4 at 3-4].

individual officers of MDPD who allegedly committed excessive force if he could "*sufficiently*

*identify* the individual officers." [ECF No 4 at 11]. The Court warned Plaintiff that his failure to

timely file an amended complaint in compliance with its dismissal order would result in dismissal

of the case for failure to prosecute or failure to comply with court orders. [ECF No. 4 at 12]. After

Plaintiff filed a notice expressing his wishes to proceed against Off. Rodriguez *and* officers of

MDPD, the Court again reminded Plaintiff that his suit could not proceed unidentifiable police

officers. [ECF No. 11 at 1-2]. In filing this Amended Complaint against MDPD, Plaintiff has

again ignored this Court's orders and instructions. Accordingly, the Court should dismiss MDPD

from this action and strike Plaintiff's claim against MDPD. *Cf. Jackson v. Bank of Am., N.A.*, 898

F.3d 1348, 1358-59 (11th Cir. 2018) (instructing that " 'if the plaintiff fails to comply with the

court's order—by filing a repleader with the same deficiency—the court should strike his pleading

or, depending on the circumstances, dismiss his case and consider the imposition of monetary

sanctions' ") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other*

*grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 (2008)).

<u>**CONCLUSION**</u>

For the reasons set forth above, Plaintiff's Amended Complaint must be dismissed pursuant

to 28 U.S.C. Section 1915(g) or, alternatively, because Plaintiff has failed to abide by the pleading

requirements of rules 8(a)(2) and 10(b) and because Plaintiff has failed to abide by this Court's

orders and instructions with respect to bringing a claim against MDPD.

Respectfully submitted,

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128-1993

By: /s/ Hunter R. Pratt
    Hunter R. Pratt
    Assistant County Attorney
    Florida Bar No. 1018395
    Telephone: 305-375-5742
    Fax: 305-375-4634
    Email: hunter.pratt@miamidade.gov
    Jessica.Sanchez@miamidade.gov
    Attorney for Defendant Off. Rodriguez

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on February 21, 2023, on all counsel or parties of record in the manner indicated in the Service List below.

/s/ Hunter R. Pratt
Assistant County Attorney

## **SERVICE LIST**

Daniel Dumond
200145372
Miami-Dade County-MW
Metro West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178
*PRO SE*

***Service by U.S. Mail***

Sam Nathaniel Thypin-Bermeo
Thypin Bermeo, PLLC
3390 Mary St Ste 111
Coconut Grove, FL 33133
(786) 665-8827
Email: sam@ThypinBermeo.com

***Service by Notice of Electronic Filing***