UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23967-RAR

**DANIEL DUMOND**,

    Plaintiff,

v.

**OFFICER L. RODRIGUEZ**,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant Officer Rodriguez's Motion to Dismiss ("Mot."). [ECF No. 22]. Defendant argues that the Court should dismiss Plaintiff's civil rights complaint under 28 U.S.C. § 1915(g) (otherwise known as the "three-strikes" rule) since Plaintiff "previously filed three other civil actions *in forma pauperis*, and all three were dismissed for failing to state claims upon which relief may be granted." Mot. at 1. Plaintiff filed a Response—which he terms a "Motion to Dismiss the Defendant's Motion to Dismiss"—to the Motion. *See* Resp. [ECF No. 30]. Having reviewed Defendant's Motion, the Response, the record, and applicable law, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED** as set forth herein.

## LEGAL STANDARD

"To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A person

that is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by filing a motion to proceed IFP. 28 U.S.C. § 1915(a). However, the passage of the Prison Litigation Reform Act ("PLRA") created an exception to this rule which applies only to prisoners with a history of frequent (and meritless) filings:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g); *see also Rivera*, 144 F.3d at 723 ("This provision of the PLRA, commonly known as the 'three strikes' provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." (internal quotation omitted)).

The purpose of this provision, also known as the "three-strikes rule," is "to curtail abusive prisoner litigation" by only allowing "a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). A prisoner's previous lawsuit counts as a "strike" under § 1915(g) if: (1) the action was "commenced by a prisoner . . . who seeks and is granted *in forma pauperis* status in that court," *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1305 (11th Cir. 2022); and (2) the suit was "dismissed as frivolous, malicious, or for failure to state a claim," *Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021). If, after receiving three "strikes," a prisoner files a new suit while moving to proceed IFP, "a court must dismiss the prisoner's case." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). The only

exception to this rule is if "the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera*, 144 F.3d at 723 (quoting 28 U.S.C. § 1915(g)).

## ANALYSIS

When Plaintiff filed the instant lawsuit, he asked (and received permission from the Court) to proceed *in forma pauperis*. *See* Order Dismissing Complaint in Part and Granting Leave to Amend [ECF No. 4] at 12–13 (granting Plaintiff's IFP motion). Consequently, Defendant now argues that § 1915(g) applies since "Plaintiff failed to pay the filing fee in full at the time he initiated this action," and that the PLRA mandates dismissal of the suit because "[w]hile incarcerated, Plaintiff filed three Section 1983 actions in this district, the district courts screened each of those complaints, and each district judge expressly dismissed the case before him/her for failing to state a claim." Mot. at 8–9. Defendant identifies the following three cases as "strikes" under § 1915(g): *Dumond v. Miami-Dade Department of Corrections & Rehabilitation* (*MDCR*), No. 21-CV-22917 (S.D. Fla. Aug. 10, 2021); *Dumond v. Miami Dade Police Department* (*MDPD*), No. 21-CV-22918 (S.D. Fla. Aug. 10, 2021); and *Dumond v. Carrington*, No. 22-CV-20339 (S.D. Fla. Jan. 31, 2022). *See id.*

After reviewing these cases, the Court agrees with Defendant that all three suits count as "strikes" under § 1915(g). Each of these cases were filed while Plaintiff was incarcerated as a pretrial detainee at the Metro West Detention Center in Miami-Dade County. *See* 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law"); *see also Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002) ("In assessing whether [the] provisions [of the PLRA] apply to Troville, we must look to his status at the time he filed his complaint."). In all three cases, Plaintiff moved to proceed *in forma pauperis* and did not prepay

the filing fee.  *See* IFP Motion, *Dumond v. Miami-Dade Department of Corrections & Rehabilitation*, No. 21-CV-22917 (S.D. Fla. Aug. 10, 2021), ECF No. 3; IFP Motion, *Dumond v. Miami Dade Police Department*, No. 21-CV-22918 (S.D. Fla. Aug. 10, 2021), ECF No. 3; IFP Motion, *Dumond v. Carrington*, No. 22-CV-20339 (S.D. Fla. Jan. 31, 2022), ECF No. 3.

And, in all three cases, the district court explicitly dismissed Plaintiff's complaints because he failed to state a claim upon which relief can be granted under either 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2).[1]  *See* Order Dismissing Complaint, *Dumond v. Miami-Dade Department of Corrections & Rehabilitation*, No. 21-CV-22917 (S.D. Fla. Aug. 20, 2021), ECF No. 4 at 4 ("Without an allegation of a custom, policy, or practice, the Complaint against Miami-Dade Department of Corrections must be dismissed for failure to state a claim."); Order Dismissing Complaint, *Dumond v. Miami Dade Police Department*, No. 21-CV-22918 (S.D. Fla. Sept. 16, 2021), ECF No. 8 at 5 ("The Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted[.]"); Order Dismissing Complaint, *Dumond v. Carrington*, No. 22-CV-20339 (S.D. Fla. Apr. 14, 2022), ECF No. 7 at 7 ("[The Court will] dismiss the Amended Complaint for 'failing to state a claim on which relief can be granted.'" (alteration omitted) (quoting 28 U.S.C. § 1915(e)(2)(b)(ii))).  Thus, all three of these dismissals count as "strikes" under § 1915(g).  *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020) ("[A] prisoner accrues a strike for any action dismissed on the ground that it fails to state a claim upon which relief may be granted." (cleaned up)).

---

[1] The Eleventh Circuit has held that a case that is dismissed under the screening provisions of § 1915A and/or § 1915(e)(2) is properly considered a "strike" under § 1915(g). *See Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) ("The three-strikes rule uses the same 'fails to state a claim on which relief may be granted' language as the screening requirements[.]"); *see also Crummie v. Veloz*, No. 10-CV-23571, 2010 WL 5059560, at *1 (S.D. Fla. Nov. 10, 2010) (explaining that "[c]ivil rights claims . . . which are dismissed pursuant to the [PLRA] under the provisions of [§ 1915A], and/or [§ 1915(e)(2)]" count as "strikes" under § 1915(g)).

Section 1915(g)'s "serious physical injury" exception also does not apply.  A complaint that would otherwise be dismissed under the three-strikes rule can survive only if the plaintiff alleges that, at the time he filed his complaint, "he is in imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (citing 28 U.S.C. § 1915(g)).  Although Plaintiff alleges that he <u>previously</u> received serious physical injuries as a result of Defendant's actions, he never claims that he was facing the threat of additional physical injuries at the time he filed his Complaint.  *See generally* Complaint [ECF No. 1].  Since Plaintiff is not facing "imminent danger of [a] serious physical injury" and "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," his current Complaint is subject to dismissal under the three-strikes rule.  28 U.S.C. § 1915(g).

In his Response, Plaintiff appears to concede that he is a three-striker but asks the Court not to apply § 1915(g) because of his *pro se* status and lack of knowledge regarding civil procedure and the law.  *See* Resp. at 4 ("The Plaintiff asserts that the Court have never warns him about the three strikes rule. . . . Due to the Court negligence this three strike rule should not be against the Plaintiff." (errors in original)).  This argument is not persuasive.  Although *pro se* litigants are entitled to have their pleadings liberally construed, they still have the burden to correctly follow all applicable laws and procedural rules.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court[.]").  It is not the Court's responsibility to act as Plaintiff's lawyer by teaching him about the three-strikes rule and advising him about the best way to present his claims.  *See Horne v. Potter*, No. 07-CV-61829, 2009 WL 10667086, at *3 n.5 (S.D. Fla. Mar. 11, 2009) ("While the Court

understands that it is difficult for non-lawyers such as Plaintiff to be conversant in the rules of the Court, this does not provide a basis for the Court to give legal advice to one party because he or she is *pro se*.").

The fact remains that Congress enacted the three-strikes rule to "curtail abusive prisoner litigation," and Plaintiff falls into the specific class of abusive filer that § 1915(g) is designed to penalize. *Dupree*, 284 F.3d at 1236. Since Plaintiff chose to file multiple meritless lawsuits while incarcerated, he has now forfeited his right to bring a lawsuit in federal court without first paying the entire filing fee up front. *See Rivera*, 144 F.3d at 732 (holding that § 1915(g) does not violate the Constitution).

## CONCLUSION

Based on the foregoing, and having carefully reviewed the record and governing law, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF No. 22] is **GRANTED**. Plaintiff's Complaint [ECF No. 1] is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g). All pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 7th day of April, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**